FILED
2020 Feb-13 PM 03:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PAUL MICHAEL PHILLIPS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:18-cv-01110-CLM |
| CITY OF LEEDS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Paul Michael Phillips and Defendant Stacey Kerr dispute who is entitled to a dump truck that was owned by Stacey Kerr's late husband. That dispute resulted in (a) the arrest of Phillips by the *Moody* Police Department and (b) seizure of the truck by the *Odenville* Police Department. The court highlights the cities of Moody and Odenville because Phillips filed this §1983 action alleging false arrest and unreasonable search and seizure against the City of Leeds, and one of its police officers, Jacob Scott ("the Leeds Defendants"). The Leeds Defendants seek summary judgment because it is undisputed that the Leeds Defendants neither arrested Phillips nor seized the dump truck—Moody and Odenville officials did.

Phillips concedes this point, a concession that leads this court to (a) summarily dismiss Phillips' federal-law claim as baseless and (b) dismiss Phillips' pendant state-law claims, without prejudice, so that they may be re-filed in state court.

## FACTUAL BACKGROUND

While Kerr and Phillips dispute who is entitled to the dump truck, most of the relevant facts are undisputed. The court lists the relevant ones below:

- Stacey Kerr's husband Lynn Kerr died intestate in March 2016;

- Prior to his death, Lynn Kerr parked his dump truck at the Leeds Water Works Department;

- Phillips took the truck from the Leeds Water Works Department after Lynn Kerr's death;[1]

- Stacey Kerr drove to Phillips' home to request that Phillips give the truck to her;

- Phillips refused, claiming that he rightly possessed the truck because Lynn Kerr owed him money;

- Phillips intended to keep the truck until he received the money that he alleges Lynn Kerr owed him;

- Stacey Kerr reported to the Leeds Police Department that the truck had been stolen, and she provided the Leeds Police Department with a copy of the dump truck's title;

- Officer Jacob Scott (a defendant here) investigated Kerr's complaint and confirmed that Lynn Kerr's title had no recorded liens;

- Officer Scott presented his findings to Assistant District Attorney Michael Streety;

- ADA Streety—not Officer Scott—directed that an arrest warrant be issued against Phillips;

---

[1] The parties dispute who actually drove the truck away from the Water Works Department (Phillips or Lynn Kerr's brother), but they agree that Phillips took possession of it.

- Stacey Kerr discovered that Phillips was keeping the truck at another person's property in Odenville, so she called the Odenville Police Department;

- Odenville Police officers took the truck and gave it to Stacey Kerr;

- The next day, Phillips came to Stacey Kerr's house in Moody, seeking the truck;

- Kerr called the Moody Police Department, and officers from that department arrested Phillips.

- The charges against Phillips were ultimately dismissed.

After the charges against him were dismissed, Phillips filed the present action in this federal court. In Count I of his Amended Complaint (doc. 14), Phillips alleges that Officer Scott and his employer, the City of Leeds, violated his constitutional right to be informed of the nature of the accusations against him (Amendments VI, XIV) and his constitutional rights against an unreasonable search and seizure (Amendment IV), and deprivation of liberty and property without due process (Amendment XIV); each of which may be redressed by an action filed pursuant to 42 U.S.C. § 1983 (doc. 14 at 3-6). Phillips also alleged three state-law claims: false arrest and imprisonment against the Leeds Defendants (Count II); negligence leading to wrongful arrest against all Defendants (Count III); and negligent accusations against Stacey Kerr (Count IV).

Each Defendant seeks summary judgment (docs. 17, 18).

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing a motion for summary judgment, the court must draw all reasonable inferences in favor of the non-moving party. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000).

## ANALYSIS

Resolving the present motions is rather straightforward: Phillips concedes that he has no factual basis for his lone federal claim (Count I), meaning that the court must dismiss the only claim that vests it with subject-matter jurisdiction. That leaves only state-law claims, which per the Eleventh Circuit, should be dismissed without prejudice so that they may be re-filed in state court.

**I.  Count I: §1983 Claim against the Leeds Defendants**

The Leeds Defendants are entitled to summary judgment on Phillips' §1983 claim for multiple reasons.

1. <u>Conceded</u>:  In his brief in opposition, Phillips "concedes that he has failed to prove the City of Leeds *actually performed* the unlawful search and seizure, arrest, and detention of Plaintiff as alleged in Count I of his complaint" (doc. 27 at 12). As

previously stated, the undisputed facts show that Odenville police officers took possession of the truck and Moody police officers arrested and detained Phillips (*see* doc. 26, p. 3; doc. 17, Ex. 2, p. 8; doc. 17, Ex. 3, p. 26). Because Phillips concedes that he cannot prove the facts necessary to prove his §1983 claim, the claim is ripe for summary dismissal.

2. <u>Official-capacity claim (Officer Scott)</u>: Officer Scott is also entitled to summary judgment, even if Phillips had not conceded his inability to prove a claim. Phillips sues Officer Scott "in his official capacity as an officer with the City of Leeds, Alabama." (doc. 1, Ex. A; doc. 14; doc. 26). To sue a government official in his or her official capacity is, in effect, merely to sue the governmental entity of which the official is a part. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("the real party in interest in an official-capacity suit is the governmental entity and not the named official); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").

Phillips apparently added Officer Scott solely for the purpose of establishing municipal liability. (doc. 27, p. 12) ("Plaintiff does not argue the doctrine of *respondeat superior*, but rather, argues that Officer Scott was an agent of the City, whose acts, or failure to act, caused liability to attach to the City of Leeds."). But it is not necessary to name Officer Scott as a defendant in order to bring claims against the City of Leeds on the basis of Officer Scott's conduct. Because any claim asserted

against Officer Scott in his official capacity is, in effect, a claim against the City of Leeds, Officer Scott is entitled to summary judgment. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) ("To keep both the City and the officers sued in their official capacity as defendants in this case would have been redundant and possibly confusing to the jury. We therefore AFFIRM the district court's decision to grant a directed verdict in favor of Walsh, Mays, Paden, and Noble as officially named defendants, because the City of Orlando remained as a defendant."); *Higdon v. Tusan, et al.*, 746 F.Appx. 805, 814 (11th Cir. 2018) ("officers sued in their official capacity should be dismissed, as keeping suits against both the municipality and the officers plainly would be redundant").

**3.** <u>Municipal Liability Standards (Leeds)</u>: Absent Phillips' concession, the Court would find that Phillips failed to state a viable claim under 42 U.S.C. § 1983 against the City of Leeds. A municipality can incur liability under § 1983 only where an injury is caused by an unlawful "policy or custom." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Skop v. City of Atlanta*, 485 F.3d 1130, 1145 (11th Cir. 2007) ("[I]t is by now axiomatic that in order to be held liable for a § 1983 violation, a municipality must be found to have *itself* caused the constitutional violation at issue; it cannot be found liable on a vicarious liability theory.") (emphasis original); *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) ("[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his

constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.") (citation omitted); *Perez v. Miami-Dade County*, 297 F.3d 1255, 1266 (11th Cir. 2002) ("A municipality's practice, policy, or custom is not some tangential factual matter in a section 1983 case; it is the core element…."). Phillips does not allege that any policy or custom of the City of Leeds caused his alleged injuries; meaning that he has failed to allege and prove an essential element of a § 1983 municipal liability claim. *See Vineyard v. County of Murray*, 990 F.2d 1207, 1211 (11th Cir. 1993) ("Only when it is clear that a violation of specific rights has occurred can the question of § 1983 municipal liability for the injury arise.").

* * *

In short, Phillips rightly concedes summary judgment on Count I, as both the facts and law are against him.

## II. Counts II, III, IV: State-law claims

Count I presented the only federal claim in Phillips' complaint, making it the sole basis for this court's subject-matter jurisdiction. Phillips' remaining claims (Counts II, III, IV) are pleaded under state law, meaning that the court has discretion whether or not to exercise supplemental jurisdiction over them. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004).

The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Id.* at 1089. The court feels particularly encouraged here, as it is clear that Phillips never had a factual basis to support the lone federal claim that allowed him to file his complaint in federal court in the first place. Whether Phillips will fare better under state law is a matter best left to the state courts. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.").

## CONCLUSION

For the reasons stated above, Count I of Phillips' amended complaint is due to be **DISMISSED WITH PREJUDICE**. With Phillips' lone federal claim due to be dismissed, the Court is not inclined to exercise supplemental jurisdiction over Phillips' pendent state-law claims. Accordingly, Counts II, III, and IV of Phillips' amended complaint are due to be **DISMISSED WITHOUT PREJUDICE**.

**DONE** this 13th day of February, 2020.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE